United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Shenzhen Dejiayun Network Technology Co., Plaintiff, <br><br> v. <br><br> The Partnerships and Unincorporated Associations Identified on Schedule A, Defendant. | ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 22-22363-Civ-Scola |

## **Order Adopting Report and Recommendations and Granting Motion for Default Judgment**

The Court referred Plaintiff Shenzhen Dejiayun Network Technology Co.'s motion for final default judgment (ECF No. 50) to United States Magistrate Judge Jonathan Goodman for a report and recommendations. Judge Goodman issued his report, recommending that the Court grant the Plaintiff's motion in part and deny it in part. (Rep. & Rec., ECF No. 75.) Although none of the Defendants have objected, the Plaintiff has timely objected, complaining not about Judge Goodman's ultimate recommendations, but instead taking issue only with his reasoning in calculating the award each defaulting Defendant should pay. (Pl.'s Objs., ECF No. 78.) The Court has reviewed the report and the record in this case and **adopts** Judge Goodman's recommendations (**ECF No. 75**), thus **granting in part and denying in part** the Plaintiff's motion for default judgment (**ECF No. 50**), awarding damages and entering an injunction as set forth below.

1. **Adopting the Report and Recommendations**

The Plaintiff's complaint alleges the Defendants are selling, offering for sale, and marketing counterfeit products using the Plaintiff's BAGILAANOE registered trademark (the "Mark") in violation of the Lanham Act. Clerk's defaults were entered against the Defendants who failed to respond to the complaint or otherwise make an appearance in this case.[1] (ECF Nos. 48–49.) In reviewing the complaint, Judge Goodman determined that the Plaintiff has

---

[1] Although the Plaintiff's complaint lists twenty Defendants, the Plaintiff's dispute with five of those Defendants has since been resolved. The Plaintiff has voluntarily dismissed its claims against Defendants Guangzhou Miaohuangqiu Trading Co., Ltd (# 7); Hejing (# 9); LA FOREOREUSE DE POINTE (# 13); Toamir (# 17); and # 20 Xingmian). (ECF Nos. 58, 61, 62.) And the Court has entered a consent judgment as to Defendant Xingmian (# 20). (ECF No. 63.) Accordingly, this order and judgment applies only to the remaining fifteen Defendants (the "Defaulting Defendants"), listed in Exhibit A to this order.

sufficiently alleged and established the elements of both its trademark infringement and counterfeiting claims, under § 32, and its false designation of origin claims, under § 43. (Rep. & Rec. at 14–16.) Accordingly, he determined the Plaintiff is entitled to both statutory damages as well as injunctive relief.

As to the statutory damages, although the Plaintiff sought $200,000 as to each Defendant, Judge Goodman awarded it only $125,000 per Defendant, apparently interpreting the damages provision of the Lanham Act to impose a cap of $2,000,000 per case. (Rep. & Rec. at 19–21.) Judge Goodman noted that if the Court were to award $200,000 for each of the fifteen Defaulting Defendants, that would amount to a total award of $3,000,000. (*Id.* at 20.) At $125,000 each, however, the total would amount to only $1,875,000. (*Id.* at 21.) Judge Goodman also determined that the Plaintiff is entitled to the permanent injunctive relief sought, as to the fifteen defaulting Defendants, as set forth in paragraph two of the Plaintiff's proposed order. (Rep. & Rec. at 24 (citing ECF No. 50-3, 2–3).)

In its objections, the Plaintiff emphasizes that it "does not object to either the Recommendations for a permanent injunction, nor the award of $125,000 per defaulting defendant." (Pl.'s Objs. at 2 (emphasis in original).) Instead, the Plaintiff says it "objects only to the reasoning behind the computation of the award," taking issue with Judge Goodman's apparent assumption that the Lanham Act imposes a $2,000,000 maximum among all the defendants collectively. (*Id.*) According to the Plaintiff, the $2,000,000 cap instead applies "per defendant, per trademark." (*Id.* (emphasis in original).) In support of this interpretation, the Plaintiff points to several other district-court cases, some in this district but mostly from the Northern District of Illinois, where courts have interpreted the limitation to apply per defendant and not collectively to all the defendants in any given case. The Plaintiff also points to congressional intent, the interpretation applied in copyright cases, and policy considerations as all supporting the limit's being applied per defendant and not per case. At the same time, the Plaintiff acknowledges other orders from this district that applied the $2,000,000 collectively.

As a result of the Plaintiff's quarrel with Judge Goodman's apparent reliance on the $2,000,000 limit's applying collectively, it asks the Court to "uphold the amount of the award in the Report and Recommendations, but not for the reasons stated therein." Presumably, then, the Plaintiff is content with that part Judge Goodman's report finding that the award is "sufficient to compensate Plaintiff, punish Defendants, and deter them and others from continuing to counterfeit or otherwise infringe Plaintiff's trademark, consistent with the purpose of 15 U.S.C. § 1117(c)." (Rep. & Rec. at 21.) Assuming that is the case, and since those findings are sufficient to support the award, the Court will adopt Judge Goodman's recommendation on that basis.

But, for a number of reasons, the Court itself declines to opine on the proper application of the $2,000,000 statutory limit. First, as best the Court can discern from the Plaintiff's briefing, the Plaintiff did not present its arguments, as to the application of the $2,000,000 limit, to the magistrate judge in the first instance. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (holding that a court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge). Second, the Plaintiff has identified no controlling caselaw on the matter in the Eleventh Circuit (or any other circuit). And third, because other reasons adequately support the award, the Court's thoughts on the matter would amount to nothing more than an advisory opinion. As a result, the Court largely sustains the Plaintiff's objections, overruling them only to the extent the Plaintiff seeks an affirmative finding on the statutory-limitation issue from the Court.

## 2. Summary of Relief

### A. Injunctive Relief

The Court adopts Judge Goodman's recommendation as to permanent injunctive relief. (Rep. & Rec. at 24.) Accordingly, as to each Defaulting Defendant listed on Schedule A, attached hereto, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant having notice of this order are hereby permanently restrained and enjoined from:

> a. using Plaintiff's registered trademark in marketing, advertising, soliciting, selling or offering for sale, derivative or directly, which is not directly authorized by Plaintiff;
>
> b. further infringing on the BAGILAANOE Mark;

Additionally, each Defaulting Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant and those with notice of this permanent injunction, including, without limitation, all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Walmart, Inc., sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") and their related companies and affiliates on which this Court imposed restraints under the preliminary injunction shall:

> > i. immediately and permanently discontinue the use of the Plaintiff's Mark, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet

      based ecommerce stores operating under the Seller IDs;

      ii. apply any funds currently in Defaulting Defendants' financial accounts to satisfy the monetary judgments.

### B. Monetary Damages

The Court also adopts Judge Goodman's recommendation as to the statutory damages that should be awarded. Accordingly, the Court assesses an award of $125,000 against each Defaulting Defendant, for a total award of **$1,875,000**, based on the Court's finding that the Defaulting Defendants infringed the Plaintiff's Mark. In making this assessment, the Court has considered both the willfulness of the Defendants' conduct, the adequacy of the award to compensate the Plaintiff and deter the Defaulting Defendants from continuing to counterfeit or otherwise infringe the Mark.

### 3. Conclusion

As set forth above, the Court **adopts** Judge Goodman's recommendations as to damages and injunctive relief (**ECF No. 75**), largely **sustains** the Plaintiff's unopposed objections (**ECF No. 78**), and thus **grants in part and denies in part** the Plaintiff's motion for final default judgment (**ECF No. 50**). An order entering final judgment will be filed separately.

**Done and ordered** in Miami, Florida on September 12, 2023.

Robert N. Scola, Jr.
United States District Judge

# Exhibit A

| Defendant Number | Defendant Name |
|---|---|
| 1 | Best Choice |
| 2 | CXHDZ |
| 3 | DAMAI |
| 4 | datongshifuledayaofangyouxiangongsi |
| 5 | dream-wonderland |
| 6 | Fun City Club Inc |
| 8 | HaoTeSai |
| 10 | Hunankeyuanzhinengkejiyouxiangongsi |
| 11 | HXZH |
| 12 | KEJIY |
| 14 | Liaocheng |
| 15 | MASOCIO |
| 16 | Shenzhenshixiximaoyiyouxiangongsi |
| 18 | USC |
| 19 | Win-Win |